UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 98-cr-40074-JPG |
| CEDRIC NEAL, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Cedric Neal's motion for reconsideration (Doc. 85), which the Court has construed as a motion to compel the government to file a motion for reduction of sentence under Federal Rule of Criminal Procedure 35(b)(2) similar to the motion discussed in *United States v. McDowell*, 2005 WL 2298334 (7th Cir. Sept. 22, 2005), and *United States v. McDowell*, 2006 WL 1896074 (N.D. Ill. July 5, 2006).  The government has responded to the motion (Doc. 91), and Neal has replied to that response (Doc. 92).  The government has also filed a response to Neal's reply (Doc. 93), but since Local Rule 7.1(c) does not permit sur-reply briefs under any circumstances, the Court has disregarded that brief.

The Court cannot grant Neal's motion (Doc. 85).  Neal believes he is entitled to a reduction in his sentence based on his wife's cooperation with the government, for which it allegedly promised him a reduction in sentence.  However, while Rule 35(b) provides that upon the government's motion a court may reduce a defendant's sentence based on *the defendant's* cooperation with the government, it makes no provision for a reduction of sentence based on *a third party's* cooperation.

Neal also cites several cases for the proposition that the Court can *sua sponte* grant a

downward departure without a government motion where the government's motive for failing to file a motion for a downward departure is unconstitutional, such as, for example, because of the defendant's race or religion, or where the failure to file the motion was arbitrary. *See United States v. Khoury*, 62 F.3d 1138 (9th Cir. 1995); *Wade v. United States*, 504 U.S. 181, 185-86 (1992). *Khoury* and *Wade* are distinguishable from the case at bar. They were both decided in the course of a direct appeal of a criminal case and did not involve a motion filed in a case long since final, as Neal's is. Furthermore, Neal has not alleged an unconstitutional motive, and his motion admits a rational reason for the failure of the government to file a Rule 35 motion – his wife's failure to completely satisfy the government with her cooperation – so even if Rule 35 provided authority to grant a downward departure, these cases do not apply to Neal's case.

Neal has not cited, and the Court has not been able to independently locate, any authority for reducing a defendant's sentence based on the cooperation of a third party and in the absence of an unconstitutional motive. For this reason, the Court finds that Neal has presented no argument warranting reconsideration of the Court's January 31, 2007, order and, accordingly, **DENIES** his motion for reconsideration (Doc. 85).

**IT IS SO ORDERED.**
**DATED:  April 16, 2007**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**

2